IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FILED
JUN 15 2006
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

SHAWN MONTEGIO,

Petitioner/Defendant,

C.A. No. 06-150S

vs.

UNITED STATES OF AMERICA,

Respondent.

_______________________________________/

**MOTION FOR LEAVE TO SUBMIT A REPLY BRIEF TO THE RESPONSE FILED BY RESPONDENT IN THE ABOVE TITLED CASE**

NOW COMES, pro-se Petitioner, Shawn Motegio ("Petitioner") before the Court for leave to submit a reply brief to the response filed in the instant case on May 31, 2006.

Moreover, Petitioner also seeks the broad interpretation of borderline case law as enunciated in Haines v. Kerner, 404 U.S. 519 (1972), for pro-se litigants.

**CLAIM ONE REPLY**

Although Respondent has conceded to the merits of this claim, it is well settled that Respondent's concession is not the controlling factor. This Court's consideration of the authorities supporting this claim will determine and control the grounds for relief. Nonetheless, all parties cite the same circuit doctrine that justifies an evidentiary hearing to complete the record for a direct appeal and a remand for resentencing to reopen the

appellate filing window. Although all other claims should be set aside until this claim is finalized, Petitioner submits the following Reply to Respondent's assertions:

**CLAIM TWO REPLY**

Despite Respondent's assurances that Bevilacqua's 30 years of legal experience was in itself sufficient effective reasoning for Bevilaqua not to seek a requested conditional plea, Respondent does not deny that Bevilacqua's failure to act upon the conditional plea request and the off-the-record attorney-client conversations were critical factors in the ascertainment of Respondent's involuntary guilty plea.

Contrary to most allegations of error, "a Rule 11 challenge will not be deemed waived upon a party's failure to raise it in the District Court." United States v. Parra-Ibanez, 936 F.2d 588, 593 (1st Cir. 1991).

Although Petitioner explicitly challenged the bad faith violent warrantless entry prior to his plea, it would not be fair or just to subject Petitioner to controversy over what and how he intends to argue an appeal when he gave up his fundamental constitutional right to a trial. See generally, United States v. McHugh, 583, F.Supp. 290 (D.C.R.I. 1984).

More importantly, in recognition of the limits of appellate review, appellate panels are constrained to consider only the record that was created in the District Court when considering a Rule 11 challenge on direct appeal. Because the record is incomplete regarding off-the-record facts, an evidentiary hearing

is required. This claim should be set aside and addressed at that time.

## CLAIM THREE REPLY

Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the right to trial, guilty pleas must be knowing and voluntary: "Rule 11 was intended to ensure that a defendant who pleads guilty does so with the understanding of not only the nature of the charge but also the consequences of his plea." United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995)(quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)). A breach of Rule that "implicates one of the Rule's core concerns mandates that the plea be set aside." United States v. Medina-Silverio, 30 F.3d 1, 3 (1st Cir. 1994). In determining whether a defendant's substantial rights were abridged, the Court must consider the totality of the circumstances to determine "what was communicated by the trial Court at the plea colloquy, and what should reasonably been understood by the defendant." Cotal-Crespo, 47 F.3d at 4.

Petitioner and his counsel were led to believe that the facts cited before the Court and supported by the plea agreement clearly concerned the length of his sentence before he pled guilty. The Government avers the amount of seized currency was an open-ended total, subject to change, although it withheld that information from Petitioner and the Court until sentencing.

The sentencing of what was communicated to Petitioner, specifically the District Court's acceptance of the proffered

trial facts that were misleading, could have led a reasonable person to misunderstand the consequences of his guilty plea, thus implicating one of Rule 11's core concerns.

Petitioner was clearly concerned with the length of his sentence before he pled guilty. He was informed, based in pertinent on the plea agreement and the facts presented to the Court, that he would be eligible for a lighter sentence for which he was not eligible. At his initial sentencing, this Court held Petitioner to a lesser sentence. This misunderstanding implicates one of Rule 11's core concerns (i.e., the defendant's knowledge of the consequences of his plea). Petitioner's plea was mistakably induced at least in part by an inaccurate Government representation of a "silent yet to be determined total amount of seized currency" and the Court's acceptance of his guilty plea that was based on the inaccurate representation affected his substantial rights. This claim should now be set aside and re-argued on direct appeal.

**CLAIM FOUR REPLY**

Although Respondent asserts that Petitioner entered into the plea with his eyes wide open, Respondent does not aver that Petitioner was also clairvoyant, in that he should have known the Government would induce his plea and alter the facts at sentencing.

Before one can address §1B1.3, one would have to resolve the ambit of §1B1.2. Braxton, clearly stated one cannot induce a plea under limited facts and subject a defendant to a higher term

of imprisonment beyond the limited plea facts. Recently, the First Circuit ruled in Narvaez-Rosario, __F.3d__, 2006 WL 619326 (1st Cir. 2006) that even if not stipulated, there is error where defendant is sentenced to a sentence that is beyond the admitted facts that induced the plea.

The claim should be set aside and argued on direct appeal and a completed record.

## CLAIM FIVE REPLY

It is well settled law that 21 U.S.C. §§841(a) and 846 do not provide for any statutory penalty. The penalty statute for violations of those non-bearing penalty statutes is listed in Appendix A of the guidelines under 21 U.S.C. §841(b). The Appendix lists seven §841(b) relevant guidelines based on the offense of conviction. In the instant case, Petitioner's guilty plea was to less than 15 kilograms of cocaine based on 8.9 kilos and $115,000.00 in seized currency. The Court adjudicated Petitioner guilty, therefore his offense of conviction is less than 15 kilograms, but his sentence is under a higher guideline range. Relevant conduct may be used to impose a higher term only within that guideline. It cannot be used to move Petitioner to the next highest guideline range, or higher.

Nevertheless, the Supreme Court ruled in Glover v. United States, 531 U.S. 198 (2001) that a challenge to an enhanced guideline sentence implicated the Sixth Amendment and is reviewable in a post-conviction collateral attack. Moreover, the sentencing court fully recognized that additional seized currency

was the result of a forfeiture case of another family member. It was error to subject Petitioner's sentence to an additional term of imprisonment beyond the induced plea and currency from another case. This claim should be set aside and argued on direct appeal.

## CLAIM SIX REPLY

Although Respondent conceded that the plea agreement is silent regarding any role adjustment (Respondent's Brief at page 26), Respondent's argument is foreclosed by First Circuit precedence. Carrero, 77 F.3d at 11-12. The question is: Did the Court violate the core concerns when it raised the role adjustment issue; i.e., the understanding of the charges and whether any particular defect in the Rule 11 hearing affected Petitioner's substantial rights? The role adjustment placed Petitioner in a position of being unclear as to what potential penalties he had pled to based on silent enhancement factors. On the day he pled guilty, he clearly did not understand the Government intended to enhance the amount of cocaine for punishment purposes, clearly did not know the Government intended to seek a role adjustment not listed in the plea agreement, and clearly did not know that unstated relevant conduct would be an enhancement factor. Thus, Petitioner's plea was faulty. The crucial consideration is whether the plea was made voluntarily with full understanding of the consequences of his plea. United States v. Medina-Silverio, 30 F.3d 1, 3 (1994). This claim should be set aside and argued on appeal.

## CLAIM SEVEN REPLY

Petitioner concedes that a Booker-FanFan claim is not recognizable in a §2255 proceeding. This claim should be set aside and argued on direct appeal.

## CONCLUSION

Petitioner has conclusively demonstrated his claims are not frivolous nor contradicted by the record. Moreover, an evidentiary hearing is required to ensure Petitoner's entitlement to one full and fair complete §2255 proceeding under the law.

WHEREFORE, Petitioner prays this Honorable Court will grant a resentencing to impose a legally correct sentence and reopen the 10-day appellate window; or withdraw Petitioner's guilty plea and permit Petitioner to plead anew; or grant an evidentiary hearing.

Respectfully Submitted,

Shawn Montegio

Shawn Montegio
Reg. No. 05264-070
FCC Coleman-Medium
P.O. Box 1032
Coleman, Florida 33521-1032

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by United States Mail, with first-class prepaid postage, on this 11th day of June, 2006, to the following:

Mr. Kenneth Madden
Assistant United States Attorney
50 Kennedy Plaza
Providence, RI 02930

Shawn Montegio

Shawn Montegio
Reg. No. 05254-070
FCC Coleman-Medium
P.O. Box 1032
Coleman, Florida 33521-1032