UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

SHAWN MONTEGIO

VS. C.A No. 1:06-CV-150

UNITED STATES OF AMERICA

**PETITIONER SHAWN MONTEGIO'S MOTION FOR ISSUANCE OF A CERTIFICATE OF APPEALABILITY**

Habeas petitioner Shawn Montegio filed a petition under 28 U.S.C. §2255 to vacate, set aside and/or correct his sentence imposed in criminal case number 03-005-S. His petition was denied by this honorable court, after which Montegio filed an appeal from the denial. Petitioner now moves this honorable court for a certificate of appealability pursuant to 28 U.S.C. §2253(c) with respect to the following issues Montegio seeks to raise on appeal:

1. The district court abused its discretion in failing to consider defendant's request for a conditional plea, pursuant to the policy in this district of not considering such a request; and
2. The government breached the plea agreement by agreeing that defendant's sentence should reflect a greater amount of currency than that which the government recited and the defendant agreed to at the plea colloquy.

Petitioner respectfully argues that the appeal of the denial with respect to the above issues constitutes a substantial showing of the denial of the constitutional right, and that this honorable court should thus grant his request for a certificate of appealability.

A memorandum of support is filed with this motion.

PETITIONER
SHAWN MONTEGIO
By his attorney

/s/ James T. McCormick
**James T. McCormick (#2614)**
McKENNA & McCORMICK
128 Dorrance Street, Suite 330
Providence, RI 02903-2814
(401) 831-2970
(401) 751-1797 (FAX)

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2008, a copy of the foregoing Petitioner Shawn Montegio's Motion for Issuance of a Certificate of Appealability was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

By: /s/ James T. McCormick
James T. McCormick (#2614)
McKENNA & McCORMICK
128 Dorrance Street, Suite 330
Providence, RI 02903
(401) 831-2970

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

SHAWN MONTEGIO

VS. C.A No. 1:06-CV-150

UNITED STATES OF AMERICA

**MEMORANDUM IN SUPPORT OF PETITIONER SHAWN MONTEGIO'S REQUEST FOR THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY**

## BACKGROUND

On August 11, 2003 pursuant to a written Plea Agreement, Shawn Montegio plead guilty to a four (4) count indictment charging, in essence, possession with intent to distribute over five (5) kilograms of cocaine, and firearm possession charges. The Plea Agreement provided that the sentence would be determined by a total weight of cocaine of 8,954.06 grams, and also "seized United States currency" (with no amount specified). The 8.9 kilos of cocaine was the amount of cocaine that was seized from Defendant's residence.

Prior to agreeing to plead guilty Mr. Montegio filed a motion to suppress the seizure of the 9 kilos of cocaine and the $150,000 seized from his residence on the grounds that the police did not have a search warrant for this seizure. The court denied the motion, ruling that, although the police did not have exigent circumstances for a warrantless search, the police had applied for a warrant prior to the search, which validated the warrantless search under the inevitable discovery doctrine. Defendant specifically asked his attorney if he could plead to the charges against him and retain his right to appeal the denial of this suppression motion. At the post-conviction hearing his trial attorney testified that he discussed this with the prosecutor, who indicated that the defense counsel should check with the court. The attorney called the trial judges clerk

who informed him that the court would not consider a conditional plea. After that the Defendant executed a Plea Agreement which did not preserve his right to appeal the denial of the suppression motion.

At the plea colloquy on August 11, 2003 the Government reiterated that the agreed total weight of the cocaine was 8,954.06 grams, and that the guideline range would be determined "in part by the amount of the cocaine seized in this case and also by seized United States currency." In its recitation of facts the Government stated that in Mr. Montegio's apartment agents found approximately 9 kilograms of cocaine and $115,000 of United States currency.

At the first sentencing hearing on October 31, 2003 the trial Judge *sua sponte* questioned whether or not there should be an enhancement for Defendant's role in the offense. The Judge indicated that Mr. Montegio could be found to be a leader or organizer of others and thus qualify for up to a 4 level enhancement based on his role. In response to the Judge's raising of this issue the Government asked for a continuance to present evidence on this point.

After a lengthy continuance, during which decisions in the Booker and Blakely cases were handed down, the sentencing hearing recommenced on April 4, 2005. The issue of Defendant's role the defense was discussed, and defense counsel also objected to the inclusion of an additional amount of currency, $198,700, seized from the residence of an alleged associate of Mr. Montegio, Jessica Olivares. The Government pointed out that the prosecution version of facts given to the probation officer for the preparation of the pre-sentence report specifically referred to the seizure of this currency, and its attribution to Defendant based upon finding his fingerprint on the tape securing one of the boxes containing the money. The court noted that neither the Plea Agreement nor plea colloquy specifically referred to this currency. Sentencing was continued to April 8, 2005 for the parties to submit memoranda on those issues.

At the final sentencing hearing on April 8, 2005 the Government submitted various documents and wiretap recording in what was referred to as an evidentiary hearing. This evidence addressed three (3) issues: first, Montegio's role in the offense as a leader or organizer; second, the $198,700 cash seized from Jessica Olivares' residence and the evidence connecting this to Mr. Montegio; and third, the seizure of 2.7 kilograms

of cocaine from the home of another alleged associate of Mr. Montegio, Carlos Villegas, which amount the Government sought to attribute to Mr. Montegio.

The court ruled that the $198,000 was properly attributed to Mr. Montegio, but that the approximate 2.7 kilograms seized from Villegas was not. The currency was converted to the equivalent amount of cocaine by diving the $198,000 by a per kilo price of $22,000, giving a cocaine equivalent of 9 kilos. Thus, the amount of cocaine attributed to Defendant under the guidelines was 9 kilos of cocaine seized from his home, the equivalent of 5.2 kilos for the $115,000 of currency seized from his residence, and an additional equivalent of nine (9) kilos for the $198,000 of currency seized from Olivares, giving a total amount of about 23 kilos. Guideline §2 D 1.1 provides a base level of 34 for an amount of cocaine between 15 kilos and 50 kilos. Significantly, absent the extra 9 kilos derived from the $198,000 currency, the amount of cocaine would have been just under 15 kilos, for a base level of 32.

Defendant did not appeal this sentence because he claimed that he told his attorney to file an appeal; the attorney denied this and claimed that he consulted with the Defendant but Defendant never expressly requested that the he do so. At the post-conviction hearing the court chose to believe the attorney, and found that an attorney who consults with his client about filing an appeal and is not expressly told to do so is not ineffective for not filing an appeal.

## DEFENDANT'S 2255 PETITION

Shawn Montegio filed a 2255 petition, submitted memoranda, and had an evidentiary hearing before the District Judge who presided over his criminal case. The court denied Defendant's motion with respect to all seven (7) issues raised;

1. Ineffective assistance of counsel due to counsel's failure to file an appeal;
2. Ineffective assistance of counsel because counsel failed to negotiate a conditional plea;
3. The Government breached the Plea Agreement;
4. The plea was not voluntary;
5. The District Court erred when it calculated the guideline range;

6. The guideline adjustment for Montegio's role in the offense violated in the Plea Agreement; and

7. The sentence violated United States v. Booker, 543 U.S. 220 (2005).

The Defendant appealed from the court's order and judgment denying his motion, and now pursuant to 28 U.S.C. §2253, applies for a certificate of appealability with respect to issues numbered 2 and 3 above, pertaining to the court's failure to consider the Defendant's request for a conditional plea, and the Government's breach of the Plea Agreement by requesting a sentence based upon an amount of currency in excess of that agreed upon in the Plea Agreement.

## THE COURT'S FAILURE TO CONSIDER DEFENDANT'S REQUEST FOR A CONDITIONAL PLEA

In the 2255 petition Defendant asserts that his trial counsel was ineffective for failure to request that Defendant be permitted to enter into a conditional plea. The motion to suppress was of critical importance to the Defendant, because if granted it would have been disposed of the case against him as it would have suppressed the only drugs Defendant was charged with possessing. At the 2255 hearing Montegio's trial counsel testified that Montegio raised this issue, after which counsel spoke with the prosecutor who recommended that the defense counsel contact the court to see if such a plea would be accepted. The defense counsel contacted the Judge's Clerk who, after inquiry, got back to him with the response that a conditional plea would not be taken. At the 2255 hearing the court alluded to the fact that as a matter of practice such pleas were not taken in this District. (In its written decision the court reiterated that "...as a matter of local practice, the judge's of this district to not accept such pleas.")

Trial counsel was obviously not ineffective in that he attempted to obtain a conditional plea and could do no more after being informed by the court it would not accept one. However, the court's candid disclosure that it would not consider a conditional plea raises an issue not previously contemplated, that is, whether a court's discretion allows it to refuse it to consider any conditional plea, or on the other is the

court's discretion tempered by the requirement that it at least listen to the request for a conditional plea before deciding not accept it.

Thus, the court's ruling in this case eliminates a claim of ineffective assistance of counsel on the conditional plea issue, yet it raises another issue not heretofore anticipated. The petitioner requests a certificate of appealability in order to raise this issue in the appeals court.

Rule 11 (a) (2) entitled "Conditional Plea", provides: "With the consent of the court, and the Government, a Defendant may enter a conditional plea of guilty or *nolo contendre*, reserving in writing the right to have an appellant court review an adverse determination of a specified pretrial motion. A Defendant who prevails on an appeal may then withdraw the plea." Courts are given great discretion in deciding whether or not to accept a guilty plea. Even with respect to an unconditional plea of guilty, a criminal Defendant has "no absolute right to have a guilty plea accepted." Santobello v. New York, 404 U.S. 257, 262, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971). Even when presented with a constitutionally valid plea attempt, a court retains a large measure of discretion to decide whether a guilty plea is appropriate in the circumstances of a particular case. See North Carolina v. Alford, 400 U.S. 25, 38 N. 11, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970) .

A Defendant does not have a right to enter into a conditional plea. See, *e.g.* United States v. Dell, 966 F. 2d. 914, 916 (5th Cir. 1992). Neither the United States Supreme Court, the first circuit, nor the other circuits have specifically defined the limits of a court's discretion to refuse a conditional plea. See United States v. Maddox, 227 Fed. Appx. 831, 2007 WL 1418993 (CA 11). Rule 11 (a) (2) "creates no enforceable right to enter a conditional plea," United States v. Fisher, 772 F.2d.371, 374 (7th Cir. 1995), and the District Court is not required to provide a reason for denying a Defendant's conditional guilty plea. United States v. Davis, 900 F. 2d. 1524, 1527 (10th Cir. 1990). However, there is no decided case which approves or sanctions a District Court's practice of routinely denying a request for the court to even consider accepting a conditional plea. Such a policy contravenes the purpose of the rule as annunciated in the advisory committee's notes to the 1983 amendments to the rule, which added subdivision (a) (2) expressly authorizing conditional pleas. The committee cited the unfairness of forcing a Defendant who has lost one or more pre-trial motions to go through an entire

trial in order to preserve the pre-trial issues for a later appellate review. The committee noted the split of authority among the circuits with some approving and other disapproving of propriety of a conditional plea. The committee reviewed the arguments for and against the conditional plea and concluded "the obvious advantages of the conditional plea procedure authorized by subdivision (a) (2) are not outweighed by any significant or compelling disadvantages."

The application note clarifies the rationale for requiring the court's approval of a conditional plea: "...as it ensures for example, that the Defendant is not allowed to take an appeal on a matter which can only be fully developed by proceeding to trial." The note also clarifies that the consent of the Government should be required because "it will ensure that conditional pleas will be allowed only when the decision of the court of appeals will dispose of the case either by allowing the plea to stand or by such action as compelling dismissal of the indictment or suppressing essential evidence." The committee noted "the Government is in a unique position to determine whether the matter at issue would be case dispositive, and, as a party to the litigation, should have an absolute right to refuse consent to potentially prejudicial delay."

Defendant most respectfully argues that a policy or practice of the court or courts of a judicial District to reject even the consideration of a request for a conditional plea contravenes the very reason that the rule was enacted, and as such is reviewable as an abuse of discretion. For these reasons Defendant requests the issuance of a certificate of appealiability with respect to this issue.

## THE GOVERNMENT'S BREACH OF THE PLEA AGREEMENT

"When a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, *supra* 404 U.S. at 262, 92 S. Ct. at 499. *Habeas Corpus* provides an appropriate procedural vehicle for advancing a Santobello claim. Bemis v. United States of America, 30 F. 3d. 220, 221 (1st Cir. 1994): Kingsly v. United States, 968 F.2d. 109, 111 (1st Cir. 1992) (which involved an action under section 2255 alleging breach of Plea Agreement).

In Montegio's case, the Government agreed, in the Plea Agreement, to sentence the Defendant based upon 9 kilograms of cocaine seized from his house, as well as an unspecified amount of seized currency.

In United States of America v. Jose Alegria. 192 F. 3d. 179 (1st Cir. 1999), the first circuit noted that "...although contract law supplies a useful reference point for construing plea agreements in federal criminal cases, such agreements are not governed by the law of contracts." *id* at 183. "If a plea agreement unambiguously resolves an issue that usually ends the judicial inquiry." (Citations omitted) If, however, a plea agreement lacks clarity or is manifestly incomplete the need to disambiguate may justify resort to supplementary evidence or other interpretive aids. (Citations omitted) *id* at 183.

The written plea agreement clearly contemplated that Montegio's sentence would be determined based upon the cocaine and cash seized from his apartment at 45 Claremont Street. The fact that the amount of currency was not specified does not imply that the Defendant could be sentenced based upon any currency other than that seized from that location. Any claim to the contrary would be based upon an ambiguous reading of the plea agreement. Because the wording is ambiguous on this point, it is necessary to refer to evidence outside of the agreement to "disambiguate" the questioned language. The best evidence of what the Government intended to base the sentence upon, and what the plea agreement reasonably contemplated, was contained in the Government's recitation of facts at the plea colloquy. The prosecutor specifically referred to only that currency seized from the Claremont Street address, in the amount of $115,000. "The facts were limited to the seizure of the cash, cocaine, firearm and other items from 45 Claremont Street, Central Falls, on February 9, 2003, the exact date charged in the indictment." (Government's objection to Defendant's motion to reinstate direct appeal, dated May 31, 2006.) Thus, at the time of the acceptance of Defendant's plea the language of the plea agreement, which was ambiguous as to the amount of currency seized, as clarified by the prosecutor's statement on the record as to the amount of cocaine and amount of currency comprising the charge, constituted a binding agreement as to the amount of cocaine and the amount of currency to be attributed to Defendant in determining his guideline sentence.

It was only after the plea was accepted that the Government made known its intention to increase Defendant's sentence based upon 2.7 kilos of cocaine seized from the Villegas apartment and $198,000 found at the Olivares apartment. At the time of the preparation of the plea agreement by the Government, if the Government had intended to base Defendant's sentence upon items seized from locations other than his apartment, the plea agreement should have specifically referenced the same. Likewise, at the plea colloquy, had the Government intended to hold the Defendant accountable for these other items it should had referenced the same in its recitation of relevant facts in the case. Failing to do so creates an ambiguity which should be resolved in Defendant's favor. "Because plea bargaining requires Defendants to waive fundamental constitutional rights, we hold prosecutors engaging in plea bargaining to 'the most meticulous standards of both promise and performance.'" United States of America v. Moises Velez Correro, 77 F. 3d. 11 (1st Cir., 1996).

Defendant's sentence was based upon the inclusion of the $198,000 cash, but not the additional 2.7 kilograms of cocaine, which the court excluded. The effect of the additional cocaine equivalent of 9 kilograms based upon the $198,000 cash seized increased the total amount of cocaine from under 15 to over 15 kilos. This amounted to a two level increase of Defendant's sentence. Defendant seeks to appeal this issue and requests a remand for re-sentencing. Defendant does not seek to withdraw his plea of guilty. See Velez Correro *supra*; United States v. Alegria, 192 F.3d. 179 (1st Cir. 1999).

## STANDARD FOR ISSUANCE OF CERTIFICATE OF APPEALABILITY

Where a District Court has rejected a habeas petitioner's constitutional claims on the merits, the petitioner to obtain a certificate of appealability, must demonstrate that a reasonable jurist would find the District Court's assessment of the constitutional claims debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.ed. 2d. 542 (2000). For the reasons indicated in this memorandum petitioner respectfully argues that this honorable court's disposition of petitioner's constitutional claims was at lease debatable, for which of the issuance of a certificate of appealability would be appropriate.

HABEAS PETITIONER
SHAWN MONTEGIO
By his attorney

/s/ James T. McCormick
**James T. McCormick (#2614)**
McKENNA & McCORMICK
128 Dorrance Street, Suite 330
Providence, RI 02903-2814
(401) 831-2970
(401) 751-1797 (FAX)

**CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2008, a copy of the foregoing Memorandum in Support of Petitioner Shawn Montegio's Request for the Issuance of a Certificate of Appealability was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

By: /s/ James T. McCormick
James T. McCormick (#2614)
McKENNA & McCORMICK
128 Dorrance Street, Suite 330
Providence, RI 02903
(401) 831-2970