UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SHAWN MONTEGIO | : | |
| v. | : | C.A. No. 06 - 150 S |
| UNITED STATES OF AMERICA | : | |

**MEMORANDUM AND ORDER**

William E. Smith, United States District Judge

Shawn Montegio ("Montegio") filed a motion to vacate, set aside and/or correct sentence pursuant to 28 U.S.C. § 2255. For the reasons hereinafter stated, Montegio's motion is DENIED.

## Background

On August 11, 2003, pursuant to a written Plea Agreement, Shawn Montegio pled guilty to a four count indictment. Count One charged conspiracy to distribute and to possess with intent to distribute over five kilograms of cocaine in violation of 21 U.S.C. § 846. Count Two charged possession with intent to distribute over five kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A). Count Three charged possession of a firearm as a previously convicted felon in violation of 18 U.S.C. § 922(g). Count Four charged possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c).

The U.S. Probation Office prepared a pre-sentence report (PSR), calculating a guideline range based upon 11.7444 kilograms

Exhibit #2

To determine whether there is "deficient conduct" when no clear instruction is given to counsel to file an appeal, the Supreme Court instructs courts to inquire "whether counsel in fact consulted with the defendant about an appeal." Id. at 478. Consult, as defined by the Supreme Court, means "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." Id. "If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." Id. (emphasis added).

The Court conducted an evidentiary hearing on this claim. At the hearing, Montegio and his trial counsel, Attorney John Bevilacqua, testified. After listening to the two witnesses and observing them testify, the Court credits the testimony of Attorney Bevilacqua. To the extent that Montegio's testimony is inconsistent with Attorney Bevilacqua's, it is rejected.

The testimony demonstrated that either immediately before, or immediately after sentencing, Attorney Bevilacqua and Montegio met in the Courthouse cell-block and initially discussed filing an appeal. Attorney Bevilaqua testified that further discussions occurred following the imposition of the sentence at the Wyatt detention facility.



exhibit #2

Attorney Bevilacqua testified that when he consulted with Montegio at Wyatt, he advised Montegio that any potential merit of an appeal was outweighed by significant pitfalls and he recommended to Montegio that he not file an appeal. Attorney Bevilacqua testified that, at that time, he received no express instruction to file an appeal and, following their meeting, Montegio never directed Bevilacqua to file an appeal.

Where counsel consults with the defendant, as here, the question of "deficient performance" turns on whether counsel failed to follow the defendant's express instructions with respect to an appeal. Id. at 478. Here, Montegio never provided an express instruction to Attorney Bevilacqua. Therefore, Attorney Bevilacqua's conduct was not "deficient" and this claim fails.

2. Failure to Pursue a Conditional Plea

Next, Montegio asserts that counsel was ineffective because counsel failed to negotiate a conditional Plea Agreement. See Fed. R. Cr. P. 11(a)(2).[1] Montegio asserts that he sought to enter into a conditional plea because he wanted to appeal adverse pretrial rulings. Montegio's claim, however, is contradicted by the

---

[1] Fed. R. Cr. P. 11(a)provides:

> **(2) Conditional Plea**. With the consent of the court and the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right to have an appellate court review an adverse determination of a specified pre-trial motion. A defendant who prevails on appeal may then withdraw the plea.



exhibit #2