**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF CONNECTICUT**

---------------------------------------------------------------x

UNITED STATES OF AMERICA,

Plaintiff

CRIMINAL MATTER
No. 3:05CR-59 (AHN)

vs.

MIGUEL FLAQUER,

December 19, 2007

Defendant

---------------------------------------------------------------x

**DEFENDANT MIGUEL FLAQUER'S MEMORANDUM IN AID OF SENTENCING**

Defendant Miguel Flaquer, in the above captioned criminal matter, through counsel, respectfully provides to the Court his Memorandum in Aid of Sentencing in this case. This Memorandum is to be considered by the Court in conjunction with the Presentence Report prepared by the United States Probation Office, the Addendum to the Presentence Report, and any comments or objections or both made by the defendant to the Presentence Report previously in this case.

**Background**

Miguel Flaquer was arrested by federal authorities on March 5, 2005, along with co-defendants Luis Noboa, Athan Tejeda, and Franklin Medrano. On June 20, 2006,

exhibit # 4

departure based upon §5K1.1 of the sentencing guidelines. However, defendant did proffer here and did assist federal law enforcement authorities in other Districts and asserts that a downward departure under §5K2.0 of the guidelines should be granted on this basis. Defendant submits the following in support of this factor.

While Mr. Flaquer was incarcerated at the Wyatt Detention Facility in Central Falls, Rhode Island, he was approached by a woman named Lisa Torres. Ms. Torres convinced Mr. Flaquer that, if he paid her $50,000.00, she would arrange for him to obtain a downward departure based upon his cooperation with the government and a reduced sentence at the time of sentencing. Included in this arrangement was Mr. Flaquer's retention of Rhode Island attorney John Bevilacqua. Attorney Bevilacqua would serve as Mr. Flaquer's Rhode Island lawyer, to meet with Mr. Flaquer as needed, and to assist in whatever cooperation efforts were conducted in Rhode Island. Lisa Torres described herself to Mr. Flaquer as Attorney Bevilacqua's paralegal or assistant.

Miguel Flaquer and his family members paid the money requested by Torres.[2] It was explained to defendant by Torres that Torres and her associates, among other things, would arrange to "set up" other offenders known to Torres and arrange for defendant to get credit for the information. After the money was turned over, no action was ever taken by Torres and, despite requests by defendant and his family members, none of the funds provided were returned.

---

[2] Included in the funds turned over to Torres and Bevilacqua was $5,000.00 from undersigned counsel's client's funds account, paid to Bevilacqua at the request of the client, purportedly for Attorney Bevilacqua's provision of legal services to defendant in Rhode Island.



Exhibit #4

Shortly thereafter, during the month of January of 2007, Mr. Flaquer and his family learned that Lisa Torres had been indicted in Massachusetts for activity similar to that in which the Flaquer funds were taken. Defendant was contacted by federal authorities in Rhode Island and questioned about the events and circumstances of the fraud conducted. Members of the Flaquer family turned over documents supporting the payments that had been made and began their efforts to assist the government in its prosecution of the wrongdoers. There has been regular contact between defendant and his family members with government agents since that relationship began. Agents have expressed as recently as this week the value of Mr. Flaquer's assistance to this prosecution and their interest in his and his family members' testimony at the trial that is expected in that case. Counsel was advised by one of the federal agents on Monday of this week that trial is anticipated in January or February of 2008.

Based upon the assistance that defendant has already provided the federal government through the law enforcement agents in other Districts, defendant asserts that, if he is sentenced at this time, prior to the trial to be conducted in the *United States v. Lisa Torres* matter, he is deserving of a downward departure under 5K2.0 of the Sentencing Guidelines. Defendant is hopeful that, once the trial is conducted -- or if the case results in a plea of guilty without the need for a trial -- his efforts would result in a formal motion by the government here for further reduction under 5K1.1 of the Guidelines.

Defendant indicates that, if the Court wishes to have this issue considered for all purposes at one sentencing hearing, a continuance of the sentencing hearing scheduled for December 21, 2007, until after the Massachusetts trial or plea may be prudent.

**Further Issues for Consideration at Miguel Flaquer's Sentencing**



Exhibit #4