UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

SHAWN MONTEGIO                           :
                                         :
        v.                               :        C.A. No. 06-150S
                                         :
UNITED STATES OF AMERICA                 :

**MEMORANDUM AND ORDER**

In this matter, Petitioner Shawn Montegio ("Montegio") filed a Motion to Reopen the Time

to File an Appeal on February 10, 2009.  (Document No. 47).  The Government filed an Objection.

(Document No. 48).   The Motion has been referred to me for determination.   28 U.S.C. §

636(b)(1)(A); LR Cv 72.

**Discussion**

Following entry of a plea of guilty on drug trafficking and firearms charges, Montegio was

sentenced to 248 months' imprisonment, five years of supervised release and a $400.00 special

assessment.  See CR No. 03-005S. In April 2006, Montegio filed the present 28 U.S.C.  § 2255

action, raising several claims.  An evidentiary hearing was held concerning Montegio's Motion after

which the District Court denied his § 2255 claims on December 17, 2007.  On February 1, 2008,

Montegio filed a certificate of appealability with this Court.  The District Court denied that Motion

on February 4, 2008.  Montegio then sought leave to appeal from the First Circuit Court of Appeals,

which also denied his request.  On August 25, 2008, Montegio filed a "Motion to Challenge Habeas

Corpus Etiology of Judgment."  (Document No. 40).  This Motion filed pursuant to Rule 60(b), Fed.

R. Civ. P., sought relief from the final judgment entered on December 17, 2007 against Montegio

pursuant to Judge Smith's denial of his § 2255 Motion.  (Document No. 26).  Montegio claimed in

his Motion that the testimony of his trial counsel at the evidentiary hearing on the matter was

knowingly false.  On October 10, 2008, the Government filed a Response to his Motion, and on

October 15, 2008 the District Court denied the Motion by Text Order.  Pursuant to Rule 4(a), Fed.

R. App. P., and because the United States is a party, Montegio had sixty days from October 15, 2008

to file a notice of appeal, or until December 14, 2008.  As a result of his claimed failure to receive

notice of the denial of his Motion, Montegio instead sought leave to file a reply or about October

27, 2008.  That Motion was denied on November 7, 2008.

The present Motion stems from Montegio's allegation that he did not receive official notice

of the denial of his Motion to Challenge Habeas Corpus Etiology of Judgment.  As a result,

Montegio argues that he is entitled to reopen the time to file an appeal of his Motion to Challenge

Habeas Corpus Etiology of Judgment.

The question presented by this Motion is whether Montegio received notice of the denial of

his Motion.  The Court's docket indicates that James McCormick, Montegio's attorney of record,

was notified of the Text Order.  The docket does not indicate that notice was sent separately to

Montegio.  Montegio asserts that he has not received "official notification" of the Court's denial of

his Motion. (Document No. 47 at 3).  Montegio concedes, however, that Assistant United States

Attorney Kenneth Madden sent Montegio a letter advising him of the Text Order denying his

Motion. (Document No. 47 at 3-4).  Montegio states that he received a "personal letter from ausa

K. Madden stating that...the district court had already denied Montegio's Rule 60 motion in a

'minute order.'" Id. at 3. Montegio also stated, "...although the government had received notice and

notified informed Montegio, his letter-requests demanded official notification satisfaction that to-

date has not been ascertained." Id.  The Court will assume, arguendo, that Montegio did not receive

any notice from his attorney or from the Clerk's Office regarding the denial of his Motion.  Instead,

the Court will focus on whether the letter Montegio admits that he received from the Government

constituted notice under the rules.

The Government submitted its letter to Mr. Montegio, dated November 10, 2008, which

states, "[i]n the event that the Clerk's Office has not yet notified you, your Motion To Challenge

Habeas Corpus Etiology of Judgment was denied by the Court in a text order on October 15, 2008."

See Document No. 48-2.  This Court concludes that, even assuming Montegio never received notice

from his attorney or from the Court, the letter to Montegio from the Government was sufficient.

See Scott-Harris v. City of Fall River, 134 F.3d 427, 434 (1st Cir. 1997) (written notice required);

Wilkens v. Johnson, 238 F.3d 328, 332 (5th Cir. 2001) (notice from a party is sufficient); and

McDaniel v. Moore, 292 F.3d 1304, 1306 (11th Cir. 2002) (notice need not include a copy of the

order).  Because the letter to Montegio constituted notice under Fed. R. Civ. P. 77(d), there is no

cause to reopen the time to file an appeal of his post-appeal effort to obtain relief from a final

judgment.  Accordingly, Montegio's Motion to Reopen the Time to File an Appeal (Document No.

47) is DENIED. For the reasons stated in this Memorandum and Order, Montegio's Second Motion

for Leave to Appeal Out of Time (Document No. 49) is also DENIED.

SO ORDERED

ENTER:                                                          BY ORDER:


  /s/ Lincoln D. Almond                                   /s/ Jeannine Noel
LINCOLN D. ALMOND                              Deputy Clerk
United States Magistrate Judge
March 20, 2009

3